GREENBERG TRAURIG, LLP
Valerie W. Ho (SBN 200505) (hov@gtlaw.com)
Kamran Salour (SBN 247983) (salourk@gtlaw.com)
2450 Colorado Avenue, Suite 400 East
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Plaintiffs
Silverlit Toys Manufactory Ltd. and Spin Master Ltd.

**FILED**

2009 FEB 19   PM 4:08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

**CV09-1229 RGK (CWx)**

| | |
|---|---|
| SILVERLIT TOYS MANUFACTORY LTD., a Hong Kong company, and SPIN MASTER LTD., a Canadian corporation,<br><br>          Plaintiffs,<br><br>vs.<br><br>DANBAR INTERNATIONAL LIMITED, a United Kingdom company<br><br>          Defendant. | **Case No:**<br><br>**COMPLAINT FOR:**<br><br>1. **Patent Infringement;**<br>2. **Trademark Infringement under 15 U.S.C. § 1114(1);**<br>3. **Unfair Competition under 15 U.S.C. § 1125(a);**<br>4. **Unfair Competition under Cal. Bus. & Prof. Code § 17200; and**<br>5. **Common Law Trademark Infringement;**<br><br>**[DEMAND FOR JURY TRIAL]** |

LA 128,008,877v5 2-19-09LA 128,008,877v5 2-19-09

EXHIBIT A     EXHIBIT B     EXHIBIT C     EXHIBIT D     EXHIBIT E

Plaintiffs Silverlit Toys Manufactory Ltd. ("Silverlit") and Spin Master Ltd. ("Spin Master") (collectively "Plaintiffs") for their Complaint against Danbar International Limited ("Defendant") allege as follows:

## NATURE OF THIS ACTION

1.     This is an action for patent infringement under the laws of the United States relating to patents, including, but not limited to, 35 U.S.C. § 271; trademark infringement and unfair competition under 15 U.S.C. §§ 1114(1) and 1125(a) of the Trademark Act of 1946 (the "Lanham Act"); trademark infringement under California law; and unlawful, unfair and fraudulent business practices in violation of California Business and Professions Code §§17200, *et seq.* This action is based on Defendant's unlawful make, use, sale, offer for, sale, importation into the United States, distribution, and/or marketing of (RC) remote controlled toy helicopters, including the "Nano Combat Ground Assault" and the "Nano Combat Air to Air" (the "Infringing Products") in stores throughout the United States, including the Radio Shack retail stores in California, and via the Internet. Defendant's conduct constitutes a blatant misappropriation of Plaintiffs' valuable intellectual property rights, as the Infringing Products incorporate patented elements of Plaintiffs' highly successful, widely popular, and well known RC toy helicopters sold and marketed in the United States as the Air Hogs Havoc Heli. Not only do the Infringing Products infringe several of Silverlit's patents directed to toy helicopters, Defendant's packaging on information and belief ; website; and instruction manuals sold with the Infringing Products also bear logos that infringe Spin Master's well known Air Hogs trademarks. Defendant's infringing logos, which are confusingly similar to Spin Master's Air Hogs logo and trademarks are likely to deceive the purchasing public into believing that Defendant or Defendant's products are affiliated with, related to, sponsored by or connected with Plaintiffs or their famous, award winning Air Hogs line of remote controlled (RC) toy helicopters. Accordingly, Plaintiffs seek a preliminary and

1

1 permanent injunction, compensatory damages, treble damages for willful infringement,
2 and attorneys' fees and costs.

3 ## THE PARTIES

4 2. Plaintiff Silverlit Toys Manufactory Ltd. is a Hong Kong limited liability
5 company located at 1701-1703 World Trade Center, Gloucester Road, Causeway Bay,
6 Hong Kong. Silverlit Toys Manufactory Ltd. develops, owns, and manufactures various
7 toy products, including RC (remote controlled) toy helicopters.

8 3. Plaintiff Spin Master Ltd. is a Canadian corporation with its principal place
9 of business at 450 Front Street West, Toronto, ON Canada. Spin Master is the exclusive
10 North American distributor of Silverlit products, which it markets under the federally
11 registered Air Hogs brand.

12 4. On information and belief, Defendant Danbar is a company established
13 under the laws of the United Kingdom and has its principal place of business located at
14 Unit 2 A1 (M) Business Centre, Dixons Hill Road, Welham Green, Hertfordshire. AL9
15 7JE.

16 ## JURISDICTION AND VENUE

17 5. This action arises under the Patent Laws of the United States, Title 35 of the
18 United States Code, under §§ 1114(1) and 1125(a) of the Trademark Act of July 5, 1946,
19 as amended, commonly known as the Lanham Act, 15 U.S.C. § 1051, *et seq.*; Cal. Bus.
20 & Prof. Code § 17200, *et seq.*; and the common law of the State of California.

21 6. This Court has subject matter jurisdiction over the claims in this Complaint
22 pursuant to 15 U.S.C. § 1121; 28 U.S.C. §§ 1331 and 1338. This Court has supplemental
23 jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

24 7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and § 1400
25 (a). In addition, the acts constituting the state law violations alleged herein occurred
26 within this judicial district.

27
28

COMPLAINT [DEMAND FOR JURY TRIAL]

8.     This Court has personal jurisdiction over Defendant because, on information and belief, Defendant regularly engages in business and derives substantial revenue from goods sold and used in California. Defendant's Infringing Products are distributed, sold and marketed in stores throughout the United States, including in retail stores such as Radio Shack located within this judicial district. Attached hereto as Exhibit A is a true and correct copy of a receipt indicating that the "Nano Combat Ground Assault" and the "Nano Combat Air to Air" were offered for sale and sold in Los Angeles County.

9.     In addition, Defendant distributes, offers to sell, sells, and markets the Infringing Products via the Internet at its website, www.danbartoys.com, thereby placing the Infringing Products into the stream of commerce intending that the Infringing Products would be purchased by consumers with access to the Internet, including California citizens residing in this judicial district. Attached hereto as Exhibit B is a true and correct copy of a receipt indicating that the "Nano Copter" was offered for sale and sold in Los Angeles County through Defendant's website.

## PLAINTIFFS' POPULAR AIR HOGS HAVOC HELI TOY HELICOPTER

10.     For over thirty years, Silverlit has been engaged in the business of designing, manufacturing, developing, and marketing toy products for children of all ages, including flying toys, such as remote control toy helicopters, track racing systems, robot toys, and water toys. These products have been marketed, distributed, offered for sale and sold throughout the world, including the United States and California, and have garnered numerous awards and recognition throughout the years.

11.     Spin Master is also a recognized leader in the RC market. Spin Master is one of the top ten toy companies in the world and is the number one fastest growing toy company in North America. Spin Master is the exclusive North American distributor of Silverlit's products. Spin Master distributes Silverlit's toy helicopters under its well known and federally registered Air Hogs brand.

3

**COMPLAINT [DEMAND FOR JURY TRIAL]**

12. Some of Plaintiffs' most successful product lines include the Air Hogs Havoc Heli Helicopter; Air Hogs Havoc Heli Laser Battle Helicopters; Air Hogs Apache Havoc Helicopter; Air Hogs Havoc Heli Laser Battle - Havoc vs. Yellow Stinger; and Air Hogs Havoc Stingers (collectively, the "Havoc Heli"). The Havoc Heli has received numerous awards, including being named the 2007 RC Toy of the Year. In addition, the Havoc Heli has been featured on popular television programs such as Good Morning America and Live with Regis and Kelly. The Havoc Heli, sold and marketed as the "PicooZ" in other parts of the world such as Europe and Asia, also received recognition in the Guinness Book of World Records as the smallest radio controlled model helicopter.

## SPIN MASTER'S TRADEMARKS

13. Since at least as early as 1998, the Air Hogs brand has been used by Spin Master in interstate commerce in the United States under the trademarks "Air Hogs" and "Air Hogs" and design in connection with the sale of toy airplanes, helicopters, cars, trucks, vehicles, aircraft, watercraft, and hovercraft.

14. Recognizing the inherent distinctiveness in these trademarks, and Spin Master's exclusive rights therein, the United States Patent Office registered on its Principal Register, U.S. Trademark Registration Nos. 2,723,271, 2,447,370, and 2,986,817. Copies of these valid and subsisting registrations are attached hereto as Exhibits C through E. The federal registration rights, state law rights and common law rights of Spin Master in the Air Hogs trademarks are collectively referred to as the "Air Hogs Trademarks."

15. The Air Hogs logo, as depicted in U.S. Trademark Registration No. 2,986,817, comprises an inherently distinctive design with two words, "Air Hogs," in stylized capital letters, in a slightly slanted, stacked format, with wings emerging from the left and right of the first word.

16.     The Air Hogs Trademarks are prominently displayed on the packaging of Spin Master's toy products, on its website at www.spinmaster.com, on a variety of advertising media, and on television commercials.  The Air Hogs logo displayed on the packaging for the Havoc Heli is depicted below:



17.     As a result of substantial sales and extensive advertising and promotion over the last decade, including millions of dollars spent on advertising the Air Hogs Havoc Heli, the Air Hogs Trademarks have become widely and favorably known as identifying toy products originating from, sponsored by or associated with Spin Master.  The relevant consuming public and trade have come to associate the Air Hogs Trademarks with Spin Master as a source of innovative and high quality remote controlled toys.

18.     Accordingly, the Air Hogs Trademarks are an extremely valuable asset to Spin Master.

### SILVERLIT'S PATENTS

19.     United States Patent No. 7,467,984 B2 ("'984 Patent") issued on December 28, 2008, to Alexander Jozef Magdalena Van de Rostyne.  A copy of the '984 Patent, entitled "Helicopter," is attached hereto as Exhibit F.

20.     Silverlit is the owner by assignment of the '984 Patent.  The '984 Patent discloses and claims a toy helicopter that has a main rotor with propeller blades which is

driven by a rotor shaft, and an auxiliary rotor mounted on the rotor shaft. The main rotor and the auxiliary rotor are connected to each other by a mechanical link. The '984 Patent was duly and legally issued and is currently valid and enforceable. Silverlit has the right to sue and recover for past, present and future infringements of the '984 Patent, and to obtain the relief sought herein.

21.     United States Patent No. 7,425,168 B2 ("'168 Patent") issued on September 16, 2008, to Alexander Jozef Magdalena Van de Rostyne. A copy of the '168 Patent, entitled "Toy Helicopter," is attached hereto as Exhibit G.

22.     Silverlit is the owner by assignment of the '168 Patent. The '168 Patent discloses and claims a toy helicopter that has a main rotor with propeller blades which is driven by a rotor shaft, and an auxiliary rotor mounted on the rotor shaft. The main rotor and the auxiliary rotor are connected to each other by a mechanical link. The '168 Patent was duly and legally issued and is currently valid and enforceable. Silverlit has the right to sue and recover for past, present and future infringements of the '168 Patent, and to obtain the relief sought herein. The '984 and '168 Patents are collectively referred to as the Silverlit Patents.

## **DEFENDANT'S WRONGFUL ACTS**

23.     Defendant is using logos in connection with its remote controlled toy products that are confusingly similar to Spin Master's Trademarks.

24.     As shown on Exhibit H attached hereto, Defendant is using confusingly similar logos for its products, including the "Nano Copter," "Nano Copter 3D", "Sprinter Copter," "Sprinter Copter 3D", "Nano Combat," and "Apache Copter" (collectively, the "Infringing Logos"). The Infringing Logos each contain two words in capital letters with a stylized font that is similar to the Air Hogs logo. Like the Air Hogs logo, the words in the Infringing Logos are slightly slanted, with one word stacked above the other, and the first word has wings emerging from its left and right. (*See, e.g.* Exhibit C).

The Infringing Logos are depicted below:



25.     On information and belief, the packaging of the Infringing Products prominently features one of more of the Infringing Logos.  Attached hereto as Exhibit I is a true and correct copy of a photo of the packaging for Defendant's "Nano Copter."

26.     The instructions manual accompanying the Infringing Products also depicts one or more of the Infringing Logos.  Attached hereto as Exhibit J is a true and correct copy of the Instruction Manual that accompanied Defendant's "Nano Combat Ground Assault" product. Attached hereto as Exhibit K is a true and correct copy of the Instruction Manual that accompanies Plaintiffs' Havoc Heli.

27.     Defendant's use of the Infringing Logos is likely to cause consumer confusion or mistake, or to deceive the purchasing public and trade into believing that Defendant or its products are affiliated with, related to, sponsored by or connected with Plaintiffs.  Consumer confusion is inevitable because Defendant is engaged in the same

1   business as Plaintiffs and sells similar RC toys, including RC toy helicopters.

2   28.   On information and belief, Defendant knew about Plaintiffs' toy products
3   and the Air Hogs Trademarks.  Spin Master sent two cease and desist letters to Defendant
4   in December 2008 and January 2009 demanding that Defendant immediately stop using
5   the Infringing Logos.  Defendant ignored these letters and has continued to use the
6   Infringing Logos in connection with its products in a deliberate and calculated ploy to
7   trade off the goodwill associated with the Spin Master Trademarks.

8   29.   Defendant's use of the Infringing Logos is causing Plaintiffs irreparable
9   harm.

10   30.   Defendant's Infringing Products also embody one or more of the inventions
11   protected by the Silverlit Patents described above.  Attached hereto as Exhibits L and M
12   are true and correct copies of  photographs of the "Nano Combat Ground Assault" and
13   the "Nano Combat Air to Air," respectively.

14   31.   On information and belief, Defendant knowingly and willfully embarked on
15   a course of patent infringement by making, manufacturing, using, importing, selling
16   and/or offering for sale in interstate commerce the Infringing Products to consumers in
17   California and elsewhere.

18   **FIRST CLAIM FOR RELIEF**

19   **(Patent Infringement under 35 U.S.C. § 271, *et seq.* - U.S. Patent No. 7,467,984 )**

20   32.   Plaintiffs repeat and re-allege each and every allegation contained in
21   paragraphs 1-31 of this Complaint as if fully set forth herein.

22   33.   Upon information and belief, Defendant had knowledge of the '984 Patent
23   before the filing of the Complaint.

24   34.   Upon information and belief, Defendant had notice of infringement of the
25   '984 Patent before the filing of the Complaint.

26   35.   Upon information and belief, Defendant has directly infringed, induced

27
28

infringement of, and/or contributed to infringement of one or more claims of the '984 Patent, both literally and under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Infringing Products within the United States.

36.  Upon information and belief, the infringement of the '984 Patent by Defendant has been deliberate and willful.

37.  Upon information and belief, infringement of the '984 Patent by Defendant is ongoing and will continue unless Defendant is enjoined from further infringement by the Court.

38.  As a result of Defendant's infringement, Plaintiffs are entitled to injunctive relief, damages, costs, interest and attorneys' fees pursuant to 35 U.S.C. §§ 283, 284 and 285.

## SECOND CLAIM FOR RELIEF

**(Patent Infringement under 35 U.S.C. § 271, *et seq.* - U.S. Patent No. 7,425,168)**

39.  Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1-38 of this Complaint as if fully set forth herein.

40.  Upon information and belief, Defendant had knowledge of the '168 Patent before the filing of the Complaint.

41.  Upon information and belief, the Defendant had notice of infringement of the '168 Patent before the filing of the Complaint.

42.  Upon information and belief, Defendant has directly infringed, induced infringement of, and/or contributed to infringement of one or more claims of the '168 Patent, both literally and under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Infringing Products within the United States.

43.  Upon information and belief, the infringement of the '168 Patent by Defendant has been deliberate and willful.

44.  Upon information and belief, infringement of the '168 Patent by Defendant

9

is ongoing and will continue unless Defendant is enjoined from further infringement by the Court.

45.    As a result of Defendant's infringement, Plaintiffs are entitled to injunctive relief, damages, costs, interest and attorneys' fees pursuant to 35 U.S.C. §§ 283, 284 and 285.

## THIRD CLAIM FOR RELIEF

### (Trademark Infringement under 15 U.S.C. § 1114(1))

46.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1 through 45, as if fully set forth herein.

47.    The Air Hogs Trademarks are inherently distinctive or otherwise have acquired distinctiveness as a result of long-time use, advertising and promotion.

48.    Defendant's use of the Infringing Logos creates the likelihood that the public, suppliers, customers, and potential customers will be confused into mistakenly believing that Defendant or its products are in some manner associated with, or sponsored by, Plaintiffs.

49.    Defendant's trademark infringement is intentional and willful.

50.    Defendant's trademark infringement has damaged Plaintiffs, and unless enjoined, will continue to irreparably damage the reputation and goodwill associated with Spin Master's family of Air Hogs Trademarks.  Plaintiffs have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a))

51.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1 through 50, as if fully set forth herein.

52.    The Air Hogs Trademarks are inherently distinctive or otherwise have

**COMPLAINT [DEMAND FOR JURY TRIAL]**

acquired distinctiveness as a result of long-time use, advertising and promotion.

53. Defendant's conduct as herein alleged constitutes the use of false designation in commerce, false representations in commerce and unfair competition in that Defendant's use of the Infringing Logos creates the false and misleading impression that Defendant or its products are in some manner associated with, or sponsored by, Plaintiffs.

54. Defendant's conduct as alleged herein is intentional and willful.

55. Defendant's conduct as alleged herein has damaged Plaintiffs, and unless enjoined, will continue to irreparably damage the reputation and goodwill associated with Spin Master's family of Air Hogs Trademarks. Plaintiffs have no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition Under Cal. Bus. & Prof. Code § 17200, *et seq.*)

56. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1 through 55, as if fully set forth herein.

57. Defendant's conduct as alleged herein is unlawful, unfair and fraudulent and has caused actual injury to Plaintiffs in violation of California Business and Professions Code § 17200, *et seq.*

58. Plaintiffs have created valuable goodwill in the Air Hogs Trademarks and Defendant's use of the Infringing Logos is likely to and will permit Defendant to trade upon the goodwill of the Air Hogs Trademarks and to confuse and deceive the public regarding a connection or affiliation between Plaintiffs and Defendant. This conduct results in damage to Plaintiffs' goodwill and reputation and unjust enrichment of Defendant.

59. Defendant's conduct has injured Plaintiffs and, unless enjoined, will continue to cause great, immediate, and irreparable injury to Plaintiffs.

60. Plaintiffs are entitled to injunctive relief and an order for restitutionary

11

1  disgorgement of all of Defendant's ill-gotten gains pursuant to California Business and
2  Professions Code § 17203.

3  ### SIXTH CLAIM FOR RELIEF

4  ### (Trademark Infringement Under California Common Law)

5  61.    Plaintiffs repeat and reallege the allegations contained in the foregoing
6  paragraphs 1 through 60, as if fully set forth herein.

7  62.    Defendants' conduct as alleged herein has violated and infringed Spin
8  Master's common law rights in the Air Hogs Trademarks.

9  63.    Defendant's trademark infringement is intentional and willful.

10  64.    Defendant's trademark infringement has damaged Plaintiffs, and unless
11  enjoined, will continue to irreparably damage the reputation and goodwill associated with
12  Spin Master's family of Air Hogs Trademarks.  Plaintiffs have no adequate remedy at
13  law.

14  ### PRAYER FOR RELIEF

15  **WHEREFORE**, Plaintiffs pray for judgment as follows:

16  A.    Grant a preliminary and thereafter a permanent injunction restraining and
17  enjoining Defendant and all those in privity, concert or participation with Defendant
18  from:

19  (i)    imitating, copying, duplicating or otherwise making any use of the
20  Air Hogs Trademarks or any mark confusingly similar to the Air
21  Hogs Trademarks;

22  (ii)    manufacturing, producing, distributing, circulating, selling or
23  otherwise disposing of any printed material which bears any copy or
24  colorable imitation of the Air Hogs Trademarks;

25  (iii)    using any unauthorized copy or colorable imitation of the Air Hogs
26  Trademarks in such fashion as is likely to falsely relate or connect

27  12
28

Defendant with Plaintiffs;

(iv)   using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any service or product advertised, promoted, offered or sold by Defendant is sponsored, endorsed, connected with, approved or authorized by Plaintiffs;

(v)   engaging in any other activity constituting unfair competition or infringement of the Air Hogs Trademark or Plaintiffs' rights in, or to use, or to exploit the same;

(vi)   making, using, selling, offering for sale, importing into the United States, marketing, or distributing any products that embody one or more claims of the '984 or '168 Patents;

(vii)   infringing the '984 or '168 Patents; and

(viii)   assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (viii) above.

B.   Find that Defendant has infringed the Air Hogs Trademarks as depicted in Exhibits A through C hereto in violation of federal law and have damaged Plaintiffs' goodwill by the acts complained of herein.

C.   Find that Defendant has unfairly competed with Plaintiffs and/or damaged Plaintiffs by the acts complained of herein in violation of federal law.

D.   Find that Defendant has unfairly competed with Plaintiffs by the acts complained of herein in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

E.   Find that Defendant has infringed the Air Hogs Trademarks as depicted in Exhibits A and C hereto in violation of the common law of trademark infringement of the State of California and has damaged Plaintiffs' goodwill by the acts complained of

13

1 | herein.

2 |       F.     Find Defendant liable and award to Plaintiffs monetary damages in an
3 | amount to be to be determined at trial, including all of Defendant's profits or gains of any
4 | kind resulting from its willful infringement, said amount to be trebled, and exemplary
5 | damages in view of the intentional nature of the acts complained of herein, pursuant to 15
6 | U.S.C. § 1117.

7 |       G.     Awarding Plaintiffs damages in the form of lost profits, or in the alternative,
8 | not less than a reasonable royalty attributable to Defendant's infringement of the Silverlit
9 | Patents, and that such award be increased up to three times pursuant to 35 U.S.C. § 284;

10 |       H.     Finding this case exceptional pursuant to 35 U.S.C. § 285 and awarding
11 | Plaintiffs attorneys' fees incurred in this case.

12 |       I.     Awarding Plaintiffs pre-judgment and post-judgment interest on any
13 | monetary awards.

14 |       J.     Ordering Defendant to disgorge its profits pursuant to Cal. Bus. & Prof.
15 | Code § 17200, *et seq.*

16 |       K.     Awarding Plaintiffs such other and further relief as the Court may deem just,
17 | proper and equitable under the circumstances.

18 |
19 |
20 | DATED:     February 19, 2009     GREENBERG TRAURIG, LLP
     VALERIE W. HO
21 |      KAMRAN SALOUR

22 |      By: *Valerie W. Ho* /w express permission K. S
23 |      VALERIE W. HO
24 |      Attorneys for Plaintiffs
     Silverlit Toys Manufactory Ltd.
25 |      and Spin Master Ltd.

26 |
27 |                     14

**COMPLAINT [DEMAND FOR JURY TRIAL]**
28 |

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Fed. R. Civ. P., Plaintiffs Silverlit Toys Manufactory Ltd. and Spin Master Ltd. demand a trial by jury of any issue triable of right by a jury.

DATED:     February 19, 2009     GREENBERG TRAURIG, LLP
                                  VALERIE W. HO
                                  KAMRAN SALOUR


By: _Valerie W. Ho with express permission /ks_
VALERIE W. HO
Attorneys for Plaintiffs
Silverlit Toys Manufactory Ltd. and Spin Master Ltd.

15
**COMPLAINT [DEMAND FOR JURY TRIAL]**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV09- 1229 RGK (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Greenberg Traurig LLP
Valerie W. Ho (SBN 200505)(hov@gtlaw.com)
Kamran Salour (SBN 247983)(salourk@gtlaw.com)
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: 310-586-7700
Facsimile: 310-586-7800

ORIGINAL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVERLIT TOYS MANUFACTORY LTD., a Hong Kong company, and SPIN MASTER LTD., a Canadian corporation,<br><br>PLAINTIFF(S)<br><br>V.<br><br>DANBAR INTERNATIONAL LIMITED, a United Kingdom company.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09-1229 RGK (CWx)**<br><br><br>**SUMMONS** |

TO:DEFENDANT(S): DANBAR INTERNATIONAL LIMITED

   A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ ___20___ nded amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Valerie W. Ho , whose address is Greenberg Traurig LLP, 2450 Colorado Avenue, Suite 400E, Santa Monica, California 90404. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   **FEB 19 2009**

By: *Natalie Gongora*
      Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.USCourtForms.com

Valerie W. Ho (SBN 200505)(hov@gtlaw.com)
Kamran Salour (SBN 247983)(salourk@gtlaw.com)
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: 310-586-7700
Facsimile: 310-586-7800

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVERLIT TOYS MANUFACTORY LTD., a Hong Kong company, and SPIN MASTER LTD., a Canadian corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>DANBAR INTERNATIONAL LIMITED, a United Kingdom company.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09-1229 RGK (CWx)**<br><br><br>**SUMMONS** |

TO:DEFENDANT(S): DANBAR INTERNATIONAL LIMITED

        A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ ___ 20 nded complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Valerie W. Ho , whose address is Greenberg Traurig LLP, 2450 Colorado Avenue, Suite 400E, Santa Monica, California 90404. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____  FEB 19 2009

By: _____  **NATALIE LONGORIA**

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1198

American LegalNet, Inc.
www.USCourtForms.com

**COPY**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) SILVERLIT TOYS MANUFACTORY LTD., a Hong Kong company, and SPIN MASTER LTD., a Canadian corporation, | **DEFENDANTS** DANBAR INTERNATIONAL LIMITED, a United Kingdom company. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Greenberg Traurig LLP Valerie W. Ho (SBN 200505)(hov@gtlaw.com) Kamran Salour (SBN 247983)(salourk@gtlaw.com) 2450 Colorado Avenue, Suite 400E Santa Monica, California 90404 Telephone: 310-586-7700 Facsimile: 310-586-7800 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** Amount to be proven at trial.

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
An action for patent infringement under 35 U.S.C. § 271; trademark infringement and unfair competition under 15 U.S.C. §§ 1114(1) and 1125(a); trademark infringement under California law; and unlawful, unfair and fraudulent business practices in violation of California Business and Professions Code §§17200, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☒ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV09-1229**

**FOR OFFICE USE ONLY:**   Case Number:

CV-71 (05/08)
LA 128,022,093v1 2-19-09

CIVIL COVER SHEET

Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | SILVERLIT TOYS MANUFACTORY LTD., China<br>SPIN MASTER LTD., Canada |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | DANBAR INTERNATIONAL LIMITED, United Kingdom |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** Kamran Salour          Date February 19, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                                    CIVIL COVER SHEET
LA 128,022,093v1 2-19-09

American LegalNet, Inc.
www.FormsWorkflow.com